**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carol Engelmann and Dempsey Owens, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   10 C 8232 |
| | ) | |
| Midland Credit Management, Inc., a | ) | |
| Kansas corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Carol Engelmann and Dempsey Owens, bring this action under the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that

Defendant's debt collection actions violated the FDCPA, and to recover damages for

Defendant's violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Carol Engelmann ("Engelmann"), is a citizen of the State of New

Jersey from whom Defendant continued to attempt to collect a delinquent consumer

debt she owed for an HSBC credit card, despite the fact that she had demanded,

through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4.  Plaintiff, Dempsey Owens ("Owens"), is a citizen of the State of Virginia, from whom Defendant continued to attempt to collect a delinquent consumer debt he owed for a Citibank credit card, despite the fact that he had demanded, through his legal aid attorneys at the Chicago Legal Clinic's LASPD program, in Chicago, Illinois, that Defendant cease its collection actions.

5.  Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Ms. Engelmann.

6.  From its office in San Diego, California, Defendant operates a nationwide debt purchasing/collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

7.  Defendant MCM is licensed to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant MCM does business in Illinois by collecting delinquent consumer debts from many thousands of Illinois consumers via collection letter, phone calls and lawsuits.

8.      Moreover, Defendant MCM is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant MCM acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

### Ms. Carol Engelmann

9.      Ms. Engelmann is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills.  When Defendant MCM began trying to collect a delinquent HSBC debt from Ms. Engelmann, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant MCM's collection actions.

10.      On August 2, 2010, one of Ms. Engelmann's attorneys at LASPD told MCM, in writing, that Ms. Engelmann was represented by counsel, and directed MCM to cease contacting her, and to cease all further collection activities because Ms. Engelmann was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

11.      Nonetheless, Defendant MCM's debt collectors continued to call Ms. Engelmann directly, including, but not limited to, a telephone call on or about November 17, 2010, to demand payment of the HSBC debt.  Moreover, on November 17, 2010, Defendant MCM sent Ms. Engelmann a collection letter in care of her attorneys at LASPD.  A copy of this collection letter is attached as Exhibit D.

12.      Accordingly, on November 19, 2010, one of Ms. Engelmann's LASPD attorneys had to write to Defendant MCM again to demand that it cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

**Mr. Dempsey Owens**

13.     Mr. Owens is a senior citizen, with limited assets and income, who fell behind on paying his bills.  When Defendant MCM began trying to collect a delinquent Citibank debt from Mr. Owens, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant MCM's collection actions.

14.     On September 30, 2010, one of Mr. Owens' attorneys at LASPD told MCM, in writing, that Mr. Owens was represented by counsel, and directed MCM to cease contacting him, and to cease all further collection activities because Mr. Owens was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit F.

15.     Nonetheless, on October 14, 2010, Defendant MCM sent a collection letter directly to Mr. Owens that demanded payment of the Citibank debt.  A copy of this letter is attached as Exhibit G.

16.     Accordingly, on November 23, 2010, one of Mr. Owens' LASPD attorneys had to write to Defendant MCM again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit H.

17.     All of Defendant MCM's collection actions complained of herein occurred within one year of the date of this Complaint.

18.     Defendant MCM's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

19.     Plaintiff adopts and realleges ¶¶ 1-18.

20.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

21.     Here, the letters from Plaintiffs' agent, LASPD, told Defendant MCM to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant MCM violated § 1692c(c) of the FDCPA.

22.     Defendant MCM's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

23.     Plaintiff adopts and realleges ¶¶ 1-18.

24.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

25.     Defendant MCM knew that Ms. Engelmann and Mr. Owens were represented by counsel in connection with their debts because the attorneys at LASPD had informed Defendant, in writing, that each was represented by counsel, and had

directed Defendant MCM to cease directly communicating with Ms. Engelmann and Mr. Owens. By directly contacting Ms. Engelmann and Mr. Owens, despite being advised that they were represented by counsel, Defendant MCM violated § 1692c(a)(2) of the FDCPA.

26. Defendant MCM's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Carol Engelmann and Dempsey Owens, pray that this Court:

1. Find that Defendant MCM's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Engelmann and Owens, and against Defendant MCM, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Carol Engelmann and Dempsey Owens, demand trial by jury.

Carol Engelmann and Dempsey Owens,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated: December 28, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com